Marc H. Schneider, Waldron & Schneider, Houston, TX, for trustee.

Craig Harwyn Cavalier, Cavalier & Associates, Houston, TX, for movant.

**In re Wayman Henry CHUNN, Debtor.**

**Linda Lee CHUNN, Movant,**

v.

**Wayman Henry CHUNN, Respondent.**

**Bankruptcy No. 94–48265–H3–7.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

March 22, 1995.

As Amended April 14, 1995.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

LETITA Z. CLARK, Chief Judge.

*FINDINGS OF FACT*

1. The Debtor, Wayman Henry Chunn, filed for relief under Chapter 11 of the United States Bankruptcy Code on or about December 5, 1994.

2. On November 9, 1994, the 328th District Court in Fort Bend County, Texas, filed and entered a Final Decree of Divorce in the case styled *In the Matter of the Marriage of Linda Lee Chunn and Wayman Henry Chunn III, et al.,* Case No. 69846 (Respondent's Exhibit 1). A true and correct copy of

the Final Decree of Divorce has been introduced into evidence by stipulation of all parties. Pursuant to the terms of the Final Decree of Divorce, certain real and personal property was conveyed to the Movant.

3. The Final Decree of Divorce is the subject of an appeal (Respondent's Exhibits 2–4).

4. On January 19, 1995, Linda Lee Chunn filed a Motion for Relief from Automatic Stay seeking to lift the stay granted pursuant to 11 U.S.C. Section 362 in order to prosecute and litigate any and all remaining claims and causes of action pending in the District Court of Fort Bend County, 328th Judicial District, in the case styled *In the Matter of the Marriage of Linda Lee Chunn and Wayman Henry Chunn III, et al.*, Case No. 69846, and all appeals, if any, in connection therewith.

5. The Motion for Relief from Automatic Stay also sought a lift of the stay for purposes of filing the Final Decree of Divorce in the Real Property Records of Fort Bend and Harris Counties, Texas, reflecting as a muniment of title the conveyances of property to the Movant.

### CONCLUSIONS OF LAW

1. The Final Decree of Divorce is a final judgment that is given collateral effect by this Court, notwithstanding the pending Motion for New Trial or any subsequent appeal. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (1986).

2. Cause exists, pursuant to Section 11 U.S.C. Section 362(d)(1), (2), to permit lifting of the stay for purposes of continued prosecution of the state court action and any and all appeals in connection therewith, and for purposes of permitting the filing of the Final Decree of Divorce in the Real Property Records of Fort Bend and Harris Counties, Texas.

3. Based upon the evidence presented and the arguments of counsel, the Court concludes that the stay should be lifted for the purposes described herein. Based on the foregoing, the Motion for Relief from Automatic Stay filed in the main case by Movant, Linda Lee Chunn, is GRANTED.